IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CIERRA WILSON                    :
                                 :
     Plaintiff,                  :    CIVIL ACTION
                                 :
v.                               :    NO. 1:14-CV-1983-TWT-ECS
                                 :
O'CHARLEY'S, LLC                 :
                                 :
     Defendant.                  :

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This employment discrimination case is before the Court on Defendant's motion to dismiss or, in the alternative, motion to compel arbitration and stay proceedings. [Doc. 4]. Plaintiff, who is represented by counsel, has filed no response in opposition to Defendant's motion, and the fourteen-day period for filing a response has expired. See LR 7.1 B, NDGa. Accordingly, Defendant's motion is deemed unopposed. See id.

On June 24, 2014, Plaintiff initiated this action by filing a complaint asserting claims against her former employer for sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to 2000e-17, and additional claims arising under state law for intentional infliction of emotional distress, assault and battery, and negligence. See generally [Doc. 1]. At the time of her

hire, however, Plaintiff had signed an arbitration agreement as a condition of her employment with Defendant. See [Doc. 4-2 at 3, 5-7, 11]; [Doc. 4-4 at 2-3]. In relevant part, the arbitration agreement covers the following claims:

> [A]ll claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in a court, including but not limited to . . . tort claims; claims for discrimination or other employment-related claims; . . . and claims for violation of any federal, state, local, or other governmental law, statute, regulation, or ordinance (including but not limited to claims, if any, based on the Civil Rights Act of 1991; Title VII of the Civil Rights Act of 1964 . . . and any amendments to any of the foregoing, and any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation any law related to discrimination, terms and conditions of employment, or termination of employment).

[Doc. 4-2 at 5].

Defendant argues that, because all of Plaintiff's claims are subject to the arbitration agreement, this action should be dismissed or stayed and the parties ordered to engage in arbitration. [Doc. 4-1 at 16-17]. As noted previously, Defendant's motion is unopposed.

Generally, the validity of an arbitration agreement is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which "embodies a 'liberal federal policy favoring arbitration agreements.'" Hill v. Rent-A-Center, Inc., 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The FAA generally provides for the

enforcement of "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract." § 2. The Supreme Court has held that the FAA applies generally to all employment contracts except those involving "transportation workers." Circuit City v. Adams, 532 U.S. 105, 119 (2001); see also Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005); Hill, 398 F.3d at 1289.

"The determination of the propriety of a motion to compel arbitration pursuant to Section 4 of the [FAA] is a two-step inquiry. The first step is to determine whether the parties agreed to arbitrate the dispute." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)). "The second step . . . involves deciding whether 'legal constraints external to the parties' agreement foreclosed arbitration.'" Id. (quoting Mitsubishi, 473 U.S. at 628).

Here, Defendant's unopposed motion to compel arbitration should be granted. There is no difficulty in finding that the parties agreed to arbitrate the instant claims. Courts generally apply state contract law to determine whether a binding agreement to arbitrate exists. Caley, 428 F.3d at 1368 (citing Perry v. Thomas, 482 U.S. 483, 492 n.9 (1987)). "The basic requirements for a binding contract under Georgia law are (1) a definite offer and (2) complete

3

acceptance (3) for consideration." <u>Caley v. Gulfstream Aerospace Corp.</u>, 333 F. Supp. 2d 1367, 1374 (N.D. Ga. 2004) (citing <u>Moreno v. Strickland</u>, 567 S.E.2d 90, 92 (Ga. Ct. App. 2002)), <u>aff'd</u>, 428 F.3d 1359 (11th Cir. 2005). The arbitration agreement in this case clearly represented Defendant's offer to submit to arbitration any Title VII or tort claims Plaintiff may have against Defendant, as described in the agreement, which Plaintiff accepted by signing electronically. [Doc. 4-2 at 3, 5-7, 11]; [Doc. 4-4 at 2-3]. <u>Cf. Caley</u>, 428 F.3d at 1373-75 (employer's dispute resolution policy, adopted during the plaintiffs' employment, constituted an offer which the plaintiffs accepted by continuing their employment). There is consideration in that Defendant conditioned Plaintiff's employment on her signing of the arbitration agreement and made a reciprocal promise to arbitrate and be bound by the outcome for the types of claims described in the agreement. [Doc. 4-2 at 5-7]. <u>See Caley</u>, 428 F.3d at 1376-78 ("Georgia law provides that mutual promises and obligations are sufficient consideration to support a contract."). Thus, the parties have a binding agreement to arbitrate the Title VII and state law claims at issue here.

Furthermore, no "legal constraints external to the parties' agreement foreclose[] arbitration" of the claims in this case. <u>See Klay</u>, 389 F.3d at 1200 (quoting <u>Mitsubishi</u>, 473 U.S. at 628). "Having made the bargain to arbitrate, [Plaintiff] should be held to it unless Congress itself has evinced an intention to preclude

4

a waiver of judicial remedies for the statutory rights at issue." Mitsubishi, 473 U.S. at 628. Plaintiff has not come forward with any authority precluding arbitration of her claims in this action, and numerous courts have found Title VII claims to be subject to mandatory arbitration agreements. See, e.g., Caley, 428 F.3d at 1372-73; Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1313 (11th Cir. 2002).

Accordingly, **IT IS RECOMMENDED** that Defendant's unopposed motion to dismiss or, in the alternative, motion to compel arbitration and stay proceedings, [Doc. 4], be **GRANTED**. The undersigned **RECOMMENDS** that the parties be **ORDERED** to submit all claims in Plaintiff's complaint to arbitration and that this action be **DISMISSED**. See Cruz v. Cingular Wireless, LLC, 648 F.3d 1205, 1216 (11th Cir. 2011) (affirming order to dismiss complaint after compelling arbitration); Caley, 428 F.3d at 1379 (same); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.").

**SO REPORTED AND RECOMMENDED**, this 30th day of September, 2014.

s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)